UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MOSHE LEDERFEIND and
GOLIATH LABORATORIES, LLC,

                   Plaintiffs,         Civil Case No.: 1:23-cv-1394 (GTS/CFH)

  -against-

                                         **ANSWER**

BARTHOLOMEW PANESSA, NUTRALOID    **JURY TRIAL DEMANDED**
LABS, INC., and ANTHONY J. LISANTI,

                   Defendants.

---

     Defendants, Bartholomew Panessa ("Panessa"), Nutraloid Labs, Inc. ("Nutraloid"), and Anthony J. Lisanti ("Lisanti"), by and through their attorneys, Salazar and Erikson, LLP, as and for an Answer to Plaintiffs' Complaint hereby state as follows:

## **INTRODUCTION**

     1.     Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

     2.     Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

     3.     Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

     4.     The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

     5.     The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## THE PARTIES

6. Defendants deny knowledge or information sufficient to form a response to the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to form a response to the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in

Paragraph 14 of the Complaint.

## FACTS

15. Defendants admit only that Defendant Panessa met Plaintiff Lederfeind in or about August 2019 and deny knowledge or information sufficient to form a response to the remaining allegations set forth in Paragraph 15 of the Complaint

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in the first sentence of Paragraph 21 of the Complaint.   Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants admit only that on March 19, 2020 the parties entered into an Asset Purchase Agreement for the purchase and sale of certain "Purchased Assets" described in the Asset Purchase Agreement, respectfully submit that the document speaks for itself, and otherwise deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit only that the parties entered into a promissory note for $353,691.82 ("Note 1") to finance the purchase and sale of certain inventory, respectfully submit that the document speaks for itself, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit only that the parties entered into a promissory note for $1,095,000.00 ("Note 2"), respectfully submit that the document speaks for itself, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants admit only that there have been two New York State Supreme Court actions and that in both of those actions Defendants sought and received a judgment for non-payment on the Notes, but otherwise deny the allegations set forth in Paragraph 36 and Footnote 1 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants admit only that Defendants resumed operations after Plaintiffs ceased operations in order to mitigate their damages, and otherwise deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants admit that they have resumed operations after Plaintiffs ceased operations, but otherwise deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants admits the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants admits the allegations set forth in Paragraph 50 of the Complaint. [Defendants note that Paragraph 50 is duplicative of Paragraph 44].

51. Defendants admit the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants admit the allegations set forth in Paragraph 52 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE LANHAM ACT 15 U.S. CODE § 1125**
**(AS AND AGAINST PANESSA AND NUTRALOID)**

53. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

54. The allegations contained in Paragraph 54 of the Complaint are legal conclusions

to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants admit only that on March 19, 2020 the parties entered into an Asset Purchase Agreement for the purchase and sale of certain "Purchased Assets" described in the Asset Purchase Agreement, respectfully submit that the document speaks for itself, and otherwise deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit only that on March 19, 2020 the parties entered into an Asset Purchase Agreement for the purchase and sale of certain "Purchased Assets" described in the Asset Purchase Agreement, respectfully submit that the document speaks for itself, and otherwise deny the allegations contained in Paragraph 56 of the Complaint.

57. The allegations contained in Paragraph 57 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants admit that Defendants have retained all monies earned since they have resumed operations after Plaintiffs ceased operations, but otherwise deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants respectfully submit that Paragraph 61 does not call for an answer, to

the extent it does, Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

## SECOND CAUSE OF ACTION
## LANHAM ACT 15 U.S. CODE § 1120
## (AS AGAINST PANESSA AND NUTRALOID)

63.    Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

64.    The allegations contained in Paragraph 64 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court.  To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.    Defendants admit the allegations set forth in Paragraph 65 of the Complaint.

66.    Defendants admit the allegations set forth in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.    Defendants respectfully submit that Paragraph 69 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT
## (AS AGAINST PANESSA AND NUTRALOID)

71.    Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

72.    The allegations contained in Paragraph 72 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court.  To the extent an answer is required, Defendants deny the allegations set forth in

Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants admit that Defendants have retained all monies earned since they have resumed operations after Plaintiffs ceased operations, but otherwise deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants respectfully submit that Paragraph 76 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF N.Y. GBL § 349**
**(AS AGAINST PANESSA AND NUTRALOID)**

77. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

78. The allegations contained in Paragraph 78 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF N.Y. GBL § 350**
**(AS AGAINST PANESSA AND NUTRALOID)**

83. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

84. The allegations contained in Paragraph 84 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85. The allegations contained in Paragraph 85 of the Complaint are legal conclusions to which an answer is not required and Defendants respectfully refer all questions of law to the Court. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

**SIXTH CAUSE OF ACTION**
**COMMON LAW UNFAIR COMPETITION**
**(AS AGAINST PANESSA AND NUTRALOID)**

89. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

90. Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94. Defendants admit that Defendants have retained all monies earned since they have resumed operations after Plaintiffs ceased operations, but otherwise deny the allegations set forth in Paragraph 94 of the Complaint.

95. Defendants respectfully submit that Paragraph 95 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

## SEVENTH CAUSE OF ACTION
## FRAUDULENT INDUCEMENT
## (AS AGAINST PANESSA AND NUTRALOID)

96. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

97. Defendants admit that they provided various documents including Certificates of Analysis to Plaintiffs during due diligence, but otherwise deny the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 98 of the Complaint.

99. Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 100 of the Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 102 of the Complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104. Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105. Defendants respectfully submit that Paragraph 105 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

## EIGHTH CAUSE OF ACTION
## BREACH OF CONTRACT – NON-COMPETE
## (AS AGAINST PANESSA AND NUTRALOID)

106. Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

107. Defendants admit only that on March 19, 2020 the parties entered into an Asset

Purchase Agreement, respectfully submit that the document speaks for itself, and otherwise deny the allegations contained in Paragraph 107 of the Complaint.

108.   Defendants admit only that Defendants resumed operations after Plaintiffs ceased operations in order to mitigate their damages, and otherwise deny the allegations set forth in Paragraph 108 of the Complaint.

109.   Defendants respectfully submit that Paragraph 109 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

## NINTH CAUSE OF ACTION
## CONVERSION
## (AS AGAINST ALL DEFENDANTS)

110.   Defendants repeat and reallege their responses to all the preceding allegations set forth in this Complaint as if fully set forth herein.

111.   Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.   Defendants deny knowledge or information sufficient to form a response to the allegations set forth in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.   Defendants respectfully submit that Paragraph 114 does not call for an answer, to the extent it does, Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.   Defendants deny each and every allegation not specifically admitted.

## FACTUAL ALLEGATIONS

### Business Sale

1.   Pursuant to the Asset Purchase Agreement, and in exchange for Defendants Bartholomew Panessa and Nutraloid Labs, Inc.'s business, inventory and assets, Plaintiffs signed and delivered to Defendants Bartholomew Panessa and Nutraloid Labs, Inc., two promissory notes, Note 1 and Note 2.

2. Defendants Bartholomew Panessa and Nutraloid Labs, Inc. provided Plaintiffs with the business, inventory and assets.

**Plaintiffs Default on Notes**

3. Beginning in July of 2021, Plaintiffs did not make the scheduled payments on the Notes.

4. More specifically, Plaintiffs stopped making payments in July, 2021.

5. Prior to July of 2021, Plaintiffs made a profit on the business operations.

**Plaintiffs' Action in Kings County Supreme Court**

6. On July 16, 2021, Plaintiffs brought an action in Supreme Court, Kings County [Index No. 517673/2021] against Defendants Bartholomew Panessa and Nutraloid Labs, Inc. seeking to have the sale voided, the transaction documents deemed void, and for damages.

7. Although they did not assert any federal claims, Plaintiffs' factual basis for its complaint in Kings County Supreme Court were the same allegations contained in this action.

8. Defendants moved to transfer the Kings County action to Ulster County based upon the forum selection clause in the relevant agreements.

9. Defendants' motion seeking a transfer was granted and the Ulster County Index No. was EF2022-1108.

**Plaintiffs Cease Operations**

10. At approximately the same time, Plaintiffs ceased operation of the business and stopped selling products.

11. The products were listed as "out of stock" on various internet sources.

12. Numerous customers reached out to Defendants Bartholomew Panessa and Nutraloid Labs, Inc. asking when products would be available.

13. If products remain unavailable for any extended period of time, Amazon and other internet sources will remove vendors from their sites.

14. Given Plaintiffs' cessation of operations and failure to honor Note 1 and Note 2, Defendants Bartholomew Panessa and Nutraloid Labs, Inc. was without business income, and without income from payments on the Notes.

15. In order to salvage what remained of the business and mitigate losses, Defendants Bartholomew Panessa and Nutraloid Labs, Inc. resumed operations.

**Defendants' Action in Ulster County (Note 1)**

16. On August 27, 2021, Defendants Bartholomew Panessa and Nutraloid Labs, Inc. brought an action in Supreme Court, Ulster County [Index No. EF2021-2409] for summary judgment in lieu of a complaint seeking a judgment on Note 1 for $356,049.77, interest, costs and reasonable attorneys' fees.

17. Plaintiffs opposed the summary judgment motion and moved to dismiss.

18. Although they did not assert any federal claims, Plaintiffs' factual basis for its opposition and motion to dismiss were the same allegations contained in this action.

19. More specifically, Plaintiffs enclosed their summons and complaint in the Kings County action and argued that Note 1 should be rescinded because, Plaintiffs alleged, Defendants Bartholomew Panessa and Nutraloid Labs, Inc. "intentionally and knowingly misrepresented and omitted various material elements of the transaction in order to induce them to close on the sale and enter into the agreements."

20. On November 2, 2022, Supreme Court issued an Amended Decision and Order[1] awarding Defendants Bartholomew Panessa and Nutraloid Labs, Inc. $353,049.77 on Note 1,

---

1 The original Decision and Order failed to address Defendants Bartholomew Panessa and Nutraloid Labs, Inc.'s requests for interest, costs and reasonable attorney's fees.

with interest from August 1, 2021 and reasonable attorney's fees and court costs.

21. With respect to Plaintiffs' allegations of wrongdoing by Defendants Bartholomew Panessa and Nutraloid Labs, Inc., New York Supreme Court held that Plaintiffs' "arguments have no merit."

22. New York Supreme Court further found it "notable that Mr. Lederfeind averred that he conducted due diligence into the company prior to the sale" and although he "states that he relied upon Certificates of Analysis from [Defendants], he was under no obligation to accept them without conducting his own analysis, and he did so after the sale and transfer of assets."

23. On January 6, 2023, a judgment was entered in Supreme Court for $408,927.44 against Plaintiffs, in favor of Defendants Bartholomew Panessa and Nutraloid Labs, Inc.

24. Plaintiffs filed two Notices of Appeal, one on December 2, 2022, and one on May 2, 2023.

25. Neither appeal has been perfected.

26. Plaintiffs did not seek a stay of the Judgment pending appeal.

**Defendants' Counterclaim for Judgment on Note 2**

27. On April 5, 2022, Supreme Court issued a second Decision and Order, in Plaintiffs' matter awarding Defendants Bartholomew Panessa and Nutraloid Labs, Inc. $937,652.47 on their counterclaim seeking a judgment for the balance of Note 2, with interest from October 11, 2021 and reasonable attorney's fees and court costs.

28. On May 30, 2023, a second judgment was entered in Supreme Court for $1,076,476.47 against Plaintiffs, in favor of Defendants Bartholomew Panessa and Nutraloid Labs, Inc.

29. On September 7, 2023, Plaintiffs moved to discontinue the New York Supreme Court action with Index No. EF2022-1108.

30. Defendants Bartholomew Panessa and Nutraloid Labs, Inc. did not submit an opposition to the motion.

31. On September 20, 2023, the New York Supreme Court action was discontinued without prejudice.

**Plaintiffs have not made any payments since July of 2021**

32. To date, neither judgment has been paid.

33. To date, Plaintiffs have not made any payments toward either judgment.

34. Following their decision to cease operations, much of the inventory in Plaintiffs' possession remained in Plaintiffs' warehouse.

35. Defendants offered to buy back any remaining inventory from Plaintiffs.

36. Plaintiffs declined to sell their remaining inventory.

37. Upon information and belief, Plaintiffs' inventory is now past expiration dates.

38. At no time were both Plaintiffs and Defendants Bartholomew Panessa and Nutraloid Labs, Inc. selling products at the same time.

39. At no time were consumers presented with products from Plaintiffs and from Defendants Bartholomew Panessa and Nutraloid Labs, Inc.

40. Plaintiffs failed to mitigate any damages they might have.

41. Plaintiffs were aware that Defendant Bartholomew Panessa relied upon the payments for Note 1 and Note 2 for income.

42. Rather than negotiate a resolution of any disagreements, Plaintiffs defaulted on Note 1 and Note 2 and brought an action seeking to void the business transaction.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

43. The Complaint should be dismissed to the extent that the allegations fail to state a cause of action against Defendants. In the alternative, in the event that Plaintiffs are awarded

any damages on their Complaint (which are expressly denied), that award should be reduced to the extent that the allegations fail to state a cause of action against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44.     The Complaint should be dismissed to the extent that any of Plaintiffs' causes of action are barred by the doctrine of laches, estoppel and/or unclean hands. In the alternative, in the event that Plaintiffs are awarded any damages on their Complaint (which are expressly denied), that award should be reduced to the extent that any of Plaintiff's causes of action are barred, in whole or in part, by the doctrine of laches, estoppel and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45.     The Complaint should be dismissed to the extent that some or all of Plaintiff's causes of action are barred by any applicable statutes of limitation, the time periods set out in the parties' contractual agreements, or both.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.     The equitable claims in the Complaint should be dismissed to the extent that Plaintiffs' claims for equitable relief are barred because there is an adequate remedy at law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.     Plaintiffs' recovery, if any, from Defendants must be reduced to the extent that Plaintiffs' damages, if any, were caused in whole or in part, by the acts or omissions of others over whom Defendants had no control or right of control, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, and for whose conduct Defendants are not responsible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' recovery, if any, from Defendants must be reduced by the greatest of: (1) any amounts actually received by any person or entity for any of the costs, damages, and

expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release of, or covenant not to sue, any person or entity for any injuries, costs, damages or expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity who has received, or hereafter receives, any relief from liability or covenant not to sue with respect to any costs, damages, and expenses alleged in the Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiffs are barred from any recovery against Defendants because of its failure to mitigate its own damages and/or costs incurred, if any.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. No acts or omissions of the Defendants were the actual, proximate, or legal causes of any of the damages alleged in the Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. Plaintiffs' damages claims should be stricken to the extent that they seek damages expressly barred under the parties' contracts, or that are otherwise barred by applicable law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52. Plaintiffs have failed to satisfy all conditions precedent for the maintenance of any claims against the Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53. The Complaint should be stricken to the extent that it seeks to assert any claims, or to seek any relief in damages, equity or otherwise, under agreements to which Defendants collectively or any individual Defendant is not a party.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54. The Complaint should be stricken to the extent that it seeks to assert any claims, or to seek any relief in damages, equity or otherwise, under agreements to which Plaintiffs

collectively or any individual Plaintiff is not a party.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs lack standing to the extent they assert any claims, or seeks any relief in damages, equity or otherwise, on behalf of any third parties.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56. The Complaint should be dismissed to the extent that some or all of Plaintiffs' causes of action are barred by collateral estoppel or res judicata.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST MOSHE LEDERFEIND AND GOLIATH LABORATORIES, LLC
**(Breach of Contract)**

57. Defendants repeat and reallege the responses and allegations set forth above as if fully set forth herein.

58. In exchange for the Nutraloid business, assets and inventory, Plaintiffs and Defendants Bartholomew Panessa and Nutraloid Labs, Inc. executed an Asset Purchase Agreement, whereby Defendants Bartholomew Panessa and Nutraloid Labs, Inc. accepted Note 1 and Note 2 from Plaintiffs in exchange for the business.

59. Defendants Bartholomew Panessa and Nutraloid Labs, Inc. performed under the contract.

60. Plaintiffs defaulted on Note 1.

61. Plaintiffs defaulted on Note 2.

62. On July 16, 2021, Plaintiffs disavowed the Asset Purchase Agreement and sought to unilaterally void all three agreements.

63. As a result of Plaintiffs' breach, Defendants have been damaged in the amount to be determined at trial, but no less than $1,700,000.00.

**AS AND FOR A SECOND COUNTERCLAIM AGAINST
MOSHE LEDERFEIND AND GOLIATH LABORATORIES, LLC**
(Abuse of Process)

64. Defendants repeat and reallege the responses and allegations set forth above as if fully set forth herein.

65. Plaintiffs have initiated this unsubstantiated action against Defendants and interfered with Defendants' business, livelihood and stream of income.

66. Plaintiffs made criminal complaints against Defendants Bartholomew Panessa and Anthony J. Lisanti during the pendency of the various court cases to pressure Defendants.

67. Plaintiffs assert claims for assets they purported to buy under a contract they disavowed and breached.

68. Plaintiffs' claims and actions are purely based on their intent to harm Defendants without excuse or justification.

69. Plaintiffs' baseless claims constitute the use of process in a perverted manner to obtain a collateral objective.

70. Defendants have been harmed as a result.

**AS AND FOR A THIRD COUNTERCLAIM AGAINST
MOSHE LEDERFEIND AND GOLIATH LABORATORIES, LLC**
(Defamation)

71. Defendants repeat and reallege the responses and allegations set forth above as if fully set forth herein.

72. Plaintiffs have set forth false statements herein and as set forth above.

73. Plaintiffs have published these false statements to third parties.

74. Plaintiffs knew these statements were false or, with reasonable effort, could have determined that these claims were false.

75. Defendants suffered damages as a result of Plaintiffs' actions in an amount to be determined at trial.

**WHEREFORE,** Defendants requests the following relief:

(1) dismissal of the Complaint in its entirety and dismissal of all claims against Defendants;

(2) judgment for Defendants on each of Defendants' counterclaims;

(3) damages, including, but not limited to, consequential and punitive damages;

(4) Defendants' reasonable attorney's fees, costs and expenses; and

(5) any such other and further relief as this Court deems just and proper.

Dated: January 5, 2024
East Greenbush, New York            **SALAZAR AND ERIKSON, LLP**


    /s/ Dana L. Salazar
Dana L. Salazar, Esq.
N.D.N.Y. No. 513690
*Attorneys for the Defendants*
573 Columbia Turnpike, Building 2
East Greenbush, NY 12061
(518) 477-5108
dana@salazaresq.com