UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE LEDERFEIND and<br>GOLIATH LABORATORIES, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>BARTHOLOMEW PANESSA, NUTRALOID LABS INC, and ANTHONY J. LISANTI,<br><br>　　　　　　　　　　Defendants. | Civil Case No.: 1:23-cv-1394 (GTS/CFH)<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiffs Moshe Lederfeind ("Lederfeind") and Goliath Laboratories, LLC ("Goliath") (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, answer the Counterclaims of Defendants Bartholomew Panessa ("Panessa"), Nutraloid Labs, Inc. ("Nutraloid") and Anthony J. Lisanti ("Lisanti") (hereinafter collectively "Defendants"), as follows:

57.　　Plaintiffs offer no response as there are no allegations contained in Paragraph 57 of Defendants' Counterclaims.

58.　　Plaintiffs deny the allegations contained in Paragraph 58 of Defendants' Counterclaims and refer to the text of the Asset Purchase Agreement which speaks for itself.

59.　　Plaintiffs deny the allegations contained in Paragraph 59 of Defendants' Counterclaims.

60.　　Plaintiffs deny the allegations contained in Paragraph 60 of Defendants' Counterclaims.

61.　　Plaintiffs deny the allegations contained in Paragraph 61 of Defendants' Counterclaims.

62. Plaintiffs deny the allegations contained in Paragraph 62 of Defendants' Counterclaims.

63. Plaintiffs deny the allegations contained in Paragraph 63 of Defendants' Counterclaims.

64. Plaintiffs repeat and reallege all of the admissions, denials and denials of knowledge and information set forth above.

65. Plaintiffs deny the allegations contained in Paragraph 65 of Defendants' Counterclaims.

66. Plaintiffs deny possessing knowledge or information necessary to respond the allegations contained in Paragraph 66 of Defendants' Counterclaims, as Defendants do not adequately identify the "various court cases," and to the extent a response is required, those allegations are denied.

67. Plaintiffs deny the allegations contained in Paragraph 67 of Defendants' Counterclaims.

68. Plaintiffs deny the allegations contained in Paragraph 68 of Defendants' Counterclaims.

69. Plaintiffs deny the allegations contained in Paragraph 69 of Defendants' Counterclaims.

70. Plaintiffs deny the allegations contained in Paragraph 70 of Defendants' Counterclaims.

71. Plaintiffs repeat and reallege all of the admissions, denials and denials of knowledge and information set forth above.

72. Plaintiffs deny the allegations contained in Paragraph 72 of Defendants' Counterclaim.

73. Plaintiffs deny the allegations contained in Paragraph 73 of Defendants' Counterclaims.

74. Plaintiffs deny the allegations contained in Paragraph 74 of Defendants' Counterclaims.

75. Plaintiffs deny the allegations contained in Paragraph 75 of Defendants' Counterclaims.

## **PLAINTIFFS' AFFIRMATIVE DEFENSES**

Plaintiffs assert the following affirmative defenses in response to Defendants' Counterclaims

1. Defendants fail to state a claim upon which relief can be granted.
2. Defendants' claims are barred by the doctrine of res judicata.
3. Defendants' claims are barred by the doctrine of collateral estoppel.
4. Defendants' claims are barred by the doctrine of equitable estoppel.
5. Defendants' claims are barred by the doctrine of judicial estoppel.
6. Defendants' claims are barred by the doctrine of election of remedies.
7. Defendants' claims are barred entirely or partly by their own comparative negligence.
8. Defendants' claims are barred entirely or partly by the collateral source rule.
9. Defendants' recovery, if any, must be reduced in accordance with N.Y. GOL § 15-108.
10. Defendants' claims are barred by the doctrine of waiver.
11. Defendants' claims are barred by the doctrine of unclean hands.
12. Defendants' claims are barred by the litigation privilege.

WHEREFORE, Plaintiffs Moshe Lederfeind and Goliath Laboratories, LLC request the issuance of an Order:

A. Dismissing Defendants' Counterclaims in their entirety, with prejudice;

B. Awarding Plaintiffs their costs and expenses; and

C. Granting such other and further relief as the Court may deem just and proper.

Dated: January 26, 2024

                                                Respectfully submitted,

                                                THE SULTZER LAW GROUP, P.C.

                                                By: *s/Philip J. Furia*
                                                   Philip J. Furia, Esq.
                                                   Jason P. Sultzer, Esq.
                                                   85 Civic Center Plaza, Suite 200
                                                   Poughkeepsie, NY 12601
                                                   Tel: 845-483-7100
                                                   Fax: 888-749-7747
                                                   furiap@thesultzerlawgroup.com
                                                   sultzerj@thesultzerlawgroup.com